[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12469
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00944-SCB-MAP


HARRY WILLIAM PELHAM HESLOP,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL OF THE UNITED STATES,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,
RUTH DOROCHOFF,
District Director, District Tampa, United States Citizenship
and Immigration Service,
LESLIE A. MEEKER,
Acting Tampa Field Office Director, United States Citizenship
and Immigration Service,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 15, 2014)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Harry Heslop, a citizen of the United Kingdom, appeals the district court's dismissal of his complaint against the following defendants in their official capacities: Eric Holder, Jr., the United States Attorney General; Janet Napolitano, the Secretary of the Department of Homeland Security; Alejandro Mayorkas, the Director of the United States Citizenship and Immigration Services (USCIS); Ruth Dorochoff, the District Director of the USCIS Tampa, Florida Field Office; and Leslie Meeker, the Acting Director of the USCIS Tampa, Florida Field Office. Heslop also appeals the district court's denial of his motion for reconsideration.

I.

On November 2, 2005, Heslop was admitted to the United States as a conditional permanent resident. He obtained that status after USCIS approved his petition for classification as an "alien entrepreneur" under 8 U.S.C. § 1153(b)(5). As the name suggests, an alien entrepreneur "enter[s] the United States for the purpose of engaging in a new commercial enterprise . . . [that] will benefit the United States economy." 8 U.S.C. § 1153(b)(5)(A)(ii). The alien must create full-time jobs for at least ten workers in the United States before the condition on his residence can be removed. See id.; id. § 1186b(c)(1), (d)(1)(B).

2

In October 2007, Heslop petitioned for removal of the condition on his residence. USCIS denied his petition, finding that he had failed to demonstrate that he created or would soon create the requisite number of full-time jobs. Heslop appealed and submitted additional evidence for USCIS's consideration. On December 15, 2010, USCIS vacated its prior decision but denied Heslop's petition once more. Specifically, it found that Heslop had "submitted evidence of only 2 full-time employees."

In March 2010, Heslop married a United States citizen. He later filed an application to adjust his status to permanent resident on the basis of that marriage, and USCIS approved that application on May 18, 2011. Like the grant of permanent resident status to an alien entrepreneur, the grant of permanent resident status to an alien spouse is also on a conditional basis. See 8 U.S.C. § 1186a(a)(1). In order for the condition to be removed, the alien and spouse generally must timely file a joint petition requesting removal of the condition and submit to an interview by immigration authorities. See id. § 1186a(c)(1), (d)(2)(A). Heslop does not allege that he petitioned for removal of the alien spouse condition on his residence or that the condition has been removed.

On November 11, 2011, Heslop applied for naturalization. On the application, he stated that he was eligible for naturalization because he had resided continuously in the United States for at least five years "after being lawfully

3

admitted for permanent residence." 8 U.S.C. § 1427(a)(1); see 8 C.F.R. § 316.2(a)(2). Heslop calculated that five-year period beginning on November 2, 2005, when he was granted conditional permanent resident status as an alien entrepreneur. USCIS denied his application, explaining that, because Heslop did not create the requisite number of full-time jobs as an alien entrepreneur, he had not been "lawfully admitted for permanent residence" on November 2, 2005. As a result, the relevant start date for naturalization purposes was May 18, 2011, when he was granted conditional permanent resident status based on his marriage. Counting from that date, Heslop was ineligible for naturalization. Heslop requested a hearing before an immigration officer, who affirmed the denial of his application in January 2013. See 8 U.S.C. § 1447(a).

Having exhausted his administrative remedies, Heslop filed suit in the United States District Court for the Middle District of Florida in April 2013. He sought review of USCIS's denial of his application for naturalization under the Immigration and Nationality Act (INA), 8 U.S.C. § 1421, and under the Administrative Procedures Act (APA), 5 U.S.C. § 706(2)(A). Specifically, Heslop alleged that USCIS had improperly denied his application because it considered him admitted to the United States as of May 18, 2011, instead of November 2, 2005. He also alleged that USCIS's denial of his application was "arbitrary, capricious, [an] abuse of discretion, [or otherwise] not in accordance with law."

4

See 5 U.S.C. § 706(2)(A).  In response, the defendants filed a motion to dismiss Heslop's complaint, arguing that Heslop had failed to state a claim under the INA and that the court lacked subject matter jurisdiction over his APA claim.  See Fed. R. Civ. P. 12(b)(1), (6).

In February 2014, the district court granted that motion to dismiss. Concerning Heslop's INA claim, the court observed that Heslop had obtained conditional permanent resident status based on his marriage but had failed to allege that the condition had been removed.  The court determined that Heslop's failure was fatal to his claim because conditional permanent residents were ineligible for naturalization.  Alternatively, the court noted that, even if the condition on Heslop's permanent resident status based on his marriage had been removed, "there would still be an issue regarding whether he [had] resided in the United States for at least five years after being lawfully admitted" for permanent residence.  Essentially, the court reasoned that, if Heslop could not show that he satisfied the "condition" for alien-entrepreneur status — that he created full-time jobs for at least ten workers in the United States — then he also could not show that he had been "lawfully admitted" for permanent residence on November 2, 2005.  And, by extension, he could not establish that his time in the United States from that date through May 18, 2011 counted towards the INA's five-year residency requirement.  As for Heslop's APA claim, the court determined that he

could not seek review under the APA because the INA provided an adequate remedy.

Heslop timely filed a motion for reconsideration, which the district court denied in April 2014. This is Heslop's appeal of both of the district court's orders.

## II.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting the well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1169 (11th Cir. 2014); see Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Likewise, we review de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction. Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012). We review for an abuse of discretion a district court's denial of a motion for reconsideration. Equity Inv. Partners, LP v. Lenz, 594 F.3d 1338, 1342 (11th Cir. 2010).

## A.

Generally, in order to become a naturalized United States citizen, an applicant must show (among many other things) that he resided continuously in the United States for at least five years "after being lawfully admitted for permanent residence." 8 U.S.C. § 1427(a)(1); see 8 C.F.R. § 316.2(a)(2); see also 8 U.S.C. § 1429. Heslop contends that the district court erred in dismissing his INA claim

for failure to state a claim because he met that statutory requirement.  Specifically, Heslop argues that he "has been a Lawful Permanent Resident since he was admitted as an alien entrepreneur on November 2, 2005."  Although his argument is unclear, Heslop seems to assert that USCIS "reinstated" his status as a lawful permanent resident on December 15, 2010, when it vacated its prior decision denying his petition for removal of the condition on his residence.  Heslop does not challenge the district court's finding that he failed to allege that the condition on his permanent resident status based on his marriage had been removed, or its conclusion that conditional permanent residents are ineligible for naturalization.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  Here, the district court relied on two alternative grounds to conclude that Heslop had failed to state a claim under the INA:  first, that conditional permanent residents are ineligible for naturalization; and second, that Heslop had not plausibly alleged that he had resided in the United States for at least five years "after being lawfully admitted for permanent residence."  Heslop challenges only the second ground.  As a result, we affirm the district court's dismissal of his INA claim for failure to state a claim.

7

B.

Heslop also contends that the district court erred in dismissing his APA claim for lack of subject matter jurisdiction.  He argues that the APA entitles him to judicial review of USCIS's denial of his application for naturalization, and he asks us to set aside that decision because it was "arbitrary, capricious, [an] abuse of discretion, [or otherwise] not in accordance with law."  See 5 U.S.C. § 706(2)(A).

The APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Here, the INA gives Heslop an adequate remedy:  the ability to seek in federal district court de novo review of USCIS's denial of his application for naturalization after he exhausts his administrative remedies.  See 8 U.S.C. § 1421(c).  Indeed, Heslop brought his INA claim under that very provision.  The APA does not authorize judicial review "that adds to the sweeping de novo review" that the INA provides.  Escaler v. U.S. Citizenship and Immigration Servs., 582 F.3d 288, 291 n.1 (2d Cir. 2009).  We affirm the district court's dismissal of Heslop's APA claim for lack of subject matter jurisdiction.

C.

Heslop's notice of appeal designates the district court's order denying his motion for reconsideration.  In his brief to this Court, however, Heslop did not argue that the district court abused its discretion in denying that motion.  Indeed,

8

he failed to list any issue at all related to the denial of his motion for

reconsideration.  Thus, Heslop has abandoned any challenge to that order.  <u>See</u>

<u>Hamilton v. Southland Christian Sch., Inc.</u>, 680 F.3d 1316, 1318 (11th Cir. 2012).

**AFFIRMED.**